Filed 4/13/26  P. v. Townsend CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B341585 |
| Plaintiff and Respondent, | (Super. Ct. No. MA071039) |
| | (Los Angeles County) |
| v. | |
| JOSEPH LEE TOWNSEND, | |
| Defendant and Appellant. | |

Joseph Lee Townsend appeals a judgment following a 2024 resentencing hearing under Penal Code[1] section 1172.75.  In 2018, he was sentenced to the upper term of six years for his conviction for possession of child pornography (§ 311.11, subd. (b), doubled to 12 years pursuant to the Three Strike law, plus a consecutive one-year prior prison term enhancement (§ 667.5,

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

subd. (b), and a consecutive 364-day jail sentence for vandalism (§ 594, subd. (a).)

In 2024, the trial court granted appellant's resentencing petition by striking a one-year sentence enhancement for a prior prison term enhancement as required by section 1172.75. The court then reimposed the remainder of appellant's original sentence – a 13-year aggregate sentence that was imposed in 2018.

We conclude, among other things, that in resentencing, the trial court properly reimposed appellant's upper term sentence in compliance with section 1172.75, subdivision (d)(4). We will affirm.

FACTUAL AND PROCEDURAL HISTORY[2]

*Previous Convictions*

In 2003, appellant was convicted of a lewd or lascivious act by force on a child under the age of 14 (§ 288, subd. (b)(1)), and in 2011, he was convicted of possession of child or youth pornography (§ 311.11, subd. (a)). In 2015, appellant was paroled.

*Instant Action*

In 2016, appellant lived in a trailer park. On occasion he allowed his neighbor to use his cell phone. While using this phone, his neighbor discovered that appellant possessed child pornography. The pornography included images of a "three or four-year old boy or girl getting forced to give oral sex." Appellant's neighbor notified his parole agent. The following day

---

[2] We summarize the statement of facts from our unpublished opinion in appellant's prior appeal. (*People v. Townsend* (Sept. 25, 2019, B289889) [nonpub. opn.].)

appellant's parole agent arrived at his trailer and took possession of his cell phone.

As a part of his parole conditions from his previous convictions, appellant had a GPS monitoring device on his ankle. Appellant's parole agent received a message that he had cut the device off after the cell phone was confiscated. It was later found in a trash can at the trailer park.

Appellant was subsequently arrested, charged with possession of child pornography after a prior conviction (§ 311.11, subd. (b); count 1) and vandalism under $400 involving a GPS ankle monitoring device (§ 594, subd. (a); count 2).

At trial, a jury found him guilty of counts 1 and 2. It found true the allegations that he was previously convicted of possession of child pornography in 2011, and of a lewd or lascivious act by force on a child under the age of 14 in 2003, a serious felony. (§§ 667.5, subd. (c), 1170, subd. (h)(3), 1192.7.)

Appellant fell within the purview of the Three Strikes law. The trial court sentenced him to an aggregate prison term of 14 years. The sentence included an upper term of 6 years, doubled to 12 years for count 1; a 364-day jail sentence for count 2; and a one-year consecutive prior prison term enhancement (§ 667.5, subd. (b).) In 2019, we affirmed his conviction.

In 2024, the trial court held a resentencing hearing under section 1172.75 following appellant's petition for resentencing in 2022. The court struck the one-year prior prison term enhancement (§ 667.5, subd. (b)) and ruled "in all other respects the sentence is going to remain the same." The court reimposed an upper term of six years for count 1, doubled under the Three Strikes law. In imposing the upper term, the court mentioned,

among other things, aggravating sentencing factors that the trial court imposing the original sentence had relied upon.

## DISCUSSION

### *Section 1172.75*

Appellant contends the trial court erred by imposing an upper term sentence. He claims that in resentencing under section 1172.75, the court only had authority to impose a middle term sentence. We disagree.

Section 1172.75, subdivision (a) provides, in relevant part, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code is legally invalid."

"If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

"*Unless the court originally imposed the upper term,* the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4), italics added.)

Appellant relies on section 1170, subdivision (b), which provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed

4

the middle term, except as otherwise provided in paragraph (2)." Paragraph (2) of section 1170, subdivision (b) provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Appellant claims the trial court: 1) may not rely on section 1172.75 subdivision (d)(4) to reimpose the upper term it previously imposed, and 2) section 1170, subdivision (b)(2) controls and prohibits the imposition of an upper term.

Appellant's position has been rejected by several appellate courts. (*People v. Dozier* (2025) 116 Cal.App.5th 700, 706; *People v. Mathis* (2025) 111 Cal.App.5th 359, 373-374 (rev. granted Aug. 13, 2025); *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466-467 (*Brannon-Thompson*).) In *Brannon-Thompson* the court held that the plain language of section 1172.75 makes it "evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.* at pp. 466-467.)

Appellant contends *Brannon-Thompson* was wrongly decided and urges us to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312. In *Gonzalez*, the court held that interpreting section 1172.75, subdivision (d)(4) "as an exception . . . would potentially result in the statute impermissibly exempting defendants who previously received upper term sentences from the rule that eligibility for any upper term sentence depends on

'facts that have been established consistently with Sixth Amendment principles.' " (*Id.* at p. 329.) Thus "under the doctrine of constitutional avoidance" the court construed section 1172.65 subdivision (d)(4) to "simply [*restrict*] *the scope of defendants eligible to receive the upper term.*" (*Id.* at p. 330.)

We find, however, *Brannon-Thompson* to be persuasive. Section 1172.75, subdivision (d)(4) is clear. It creates an exception from the fact-finding requirements for a defendant originally sentenced to the upper term. Moreover, when appellant was originally sentenced, the statutory scheme did not run afoul of the Sixth Amendment because it authorized the imposition of the upper term without any additional fact-finding. (*People v. Mathis, supra,* 111 Cal.App.5th at pp. 373-374 ["Where, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)"].)

We agree with the People that a trial court may rely on the exception in section 1172.75, subdivision (d)(4) to reimpose an upper term where the court originally imposed that upper term. (*Brannon-Thompson, supra,* 104 Cal.App.5th, 466-467.) The trial court did not err.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.                    BALTODANO, J.

6

Kathleen Blanchard, Judge

Superior Court County of Los Angeles

_____

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.